Honorable Judge – Mr. Alan S. trust
United States Bankruptcy Court
Eastern District Of New York

Honorable Judge

**RE: Motion to Dismiss regarding Docket No.: 8-18-71748-ast, Adversary Proceeding No. 8-20-08053-ast**

Even though I was never served with summons or the complaint till date, I decided to respond with a motion to dismiss which I submitted to your Honor's court on July 2nd, 2020. Plaintiff agreed that I can file 2nd amended motion to dismiss by July 17 2020.

I would request the Honorable Judge to please accept my attached Motion to Dismiss with the corrections that I have made to my filings on 2nd July 2020 in response to the plaintiff above mentioned action in your Honors court.

Respectfully submitted,

Salil Sharma

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
HOWARD M. EHRENBERG,
CHAPTER 11 LIQUIDATING TRUSTEE,
Plaintiff,

Docket No.: 8-18-71748-ast
Adversary Proceeding No. 8-20-08053-ast

v.

SAGE GROUP CONSULTING, INC., and
SALIL SHARMA,
Defendants.
----------------------------------------------------------X

**DEFENDANT SALIL SHARMA'S MOTION TO DISMISS**

Defendant SALIL SHARMA, *pro se*, hereby moves:

I was personally never Served till date. Defendant Salil Sharma was not properly served with the Summons and Complaint till date of this filing and the defendant has not waived service in this matter and will not waive service. The defendant does not waive lack of personal jurisdiction due to improper service with this motion to dismiss and neither agreed to waive it with plaintiff, nor did I give the plaintiff any 'reasonable expectation' that I intend to or 'will not file a motion to dismiss' and not waive service, none of my communication or this filing is waiving my right to proper service and Jurisdiction.

I am requesting this honorable court and honorable judge to accept this as my motion to dismiss without replying to the merits of the complaint and grant me the relief as it deems just and proper.

1. Pursuant to F.R.C.P. 12(b)(2), dismissing the complaint for lack of personal jurisdiction.
2. Pursuant to F.R.C.P. 12(b)(3), dismissing the complaint for improper venue.
3. Pursuant to F.R.C.P. 9(b) and 12(b)(6), dismissing the Complaint for failure to state a claim upon which relief can be granted.
4. Pursuant to F.R.C.P. 11, dismissing the Complaint, as it was brought for an improper purpose.
5. Pursuant to F.R.C.P. 12(b)(5), dismissing the Complaint for insufficient service of process
6. Pursuant to the expiry of statute of limitation and plaintiff filing claims outside two-year clawback period to assess avoidable transactions period. As set forth in 11 U.S.C. §548(a), and 11 U.S.C. §546

As I am not an attorney, please excuse any errors in this motion. Additionally, because I am not an attorney, I am unable to represent Sage Group Consulting, Inc. ("Sage"), but the same arguments apply to the company and I ask that the Court consider those as well. Unfortunately, Sage is a failed business and has been in the process of shutting down and neither I, nor my company can afford counsel to defend against this lawsuit.

**JURISDICTIONAL STATEMENT**

The Defendants Salil Sharma and Sage Group do not consent to entry of final orders or judgments by the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court" or "Court") or any non-Article III court. Defendants did not file a proof of claim or any other voluntary action in this bankruptcy and has not otherwise consented to the jurisdiction of the Bankruptcy Court. Thus, under significant authority, the Plaintiff's fraudulent conveyance claims are "private rights" claims that, under *Stern v. Marshall, 564 U.S. 462 (2011),*

and the U.S. Constitution, must be finally decided in the District Court. To the extent the Plaintiff's Complaint survives this motion to dismiss, the Defendants hereby demand a jury trial in a proper venue with Jurisdiction over defendants (District Court in New Jersey).

**Point I**
**The complaint was filed after Statue of Limitations expired, alleges claims Outside Clawback Period and Improper Service**

Plaintiff's claims are barred by the statute of limitations and references the transactions that are outside clawback period to assess avoidable transactions in bankruptcy proceedings, furthermore the complaint was filed on March 16th 10:45PM and Mailed to Sage and I was personally never Served till date. Till date I have not received a copy of summons and complaint. I have only read the complaint that was mailed to Sage and only corresponded as an officer of Sage and not in personal capacity. Defendants were not properly served with the Summons and Complaint till date of this filing and the defendant has not waived service in this matter and will not waive service. Statute of limitations expiring on March 13th, 2020 which is two calendar years (730 days) from Bankruptcy filing. Complaint is referencing transactions outside the legally allowed clawback period to assess avoidable transactions in bankruptcy proceeding. It precludes any claims that can be alleged null and void due to expiry of statute of limitations and the clawback period of 2 years from the initial filing.

> In a decision in Industrial Enterprises of America Inc.( In re Pitt Penn Holding Inc .), No. 09-11475, Adv. No. 11-51868 (Bankr. D. Del. Jan. 24, 2012), Judge Brendan L. Shannon held that the two-year period set forth in 11 U.S.C. §548(a) is not a statute of limitations. Instead, it is a substantive element of a fraudulent conveyance action. As a result, this period is not subject to equitable tolling.
>
> In reaching his conclusion, Shannon noted that statutes of limitations regulate "secondary conduct" (i.e., the filing of an adversary proceeding)

and not primary conduct (i.e, the transactions that give rise to a cause of action). Statutes of limitations restrict secondary conduct by "restricting the time within which a party may institute proceedings" after a cause of action has accrued.

Shannon then reviewed the language of §548.

Although, Shannon wrote, §548 "clearly" creates a cause of action for a debtor or trustee: "[N]owhere does it cap or 'regulate' how far into the future the Trustee may bring that claim (the 'secondary conduct'), something a statute of limitations would do. Instead, the §548 look-back provision does just what it says: it looks back from when the cause of action accrued (the petition date) to see if transfers occurred within the previous two years. By contrast, a statute of limitation begins running when a cause of action accrues and requires a litigant to file its claim within a certain time in the future, or perhaps lose it forever."

In other words, §548 identifies the "universe of transfers that are avoidable" as fraudulent conveyances. It does not identify a date by which a plaintiff must perform any act. By contrast, §546 of the Bankruptcy Code sets forth "a true statute of limitations." That section unambiguously identifies the date by which an action must be commenced. It does not identify the elements of any particular cause of action. Most importantly §546's limitations periods, as true statutes of limitations, may be equitably tolled.

Shannon expressly rejected the holding in Official Committee of Unsecured Creditors v. Pardee ( In re Stanwich Financial Services Corp. ), 291 B.R. 25 (Bankr. D. Conn. 2003), the only case cited by IEAM in its motion for reconsideration. He noted that the Pardee court "did not consider as this Court and others have, [whether] the look-back period is a statute of limitations or is instead a substantive element of a §548 claim, nor did it address the effect of that distinction on equitable tolling."

As a result of his decision, Shannon declined to alter or amend his original order dismissing IEAM's claim against the Collyers.

More importantly, his decision will provide guidance to plaintiffs and defendants as to the limits of a trustee's avoidance power.

## Point II
## This Complaint Should Have Been Filed in New Jersey, Not New York

While I understand that this action was filed as part of a larger bankruptcy case that was filed in the Eastern District of New York, any claims against me are not proper in this district.

Aside from the generalized claim that I was "the president of SGC which transacted a significant amount of business in New York, and Sharma himself transacted a significant amount of business in New York, including, but not limited to, many of the transactions described in this Complaint," the complaint fails to make any specific allegations of my connection to this district or even this state. Plaintiff's failure to be specific is not an oversight, as I have no connections to this district at all and conduct zero business here. My company was registered in 2009 in Onondaga County, far away from this district for a single client that is completely unrelated to this case. All the allegations in the complaint regarding Sage, if true, occurred in New Jersey, not New York.

If Plaintiff wishes to assert any claims against, me, it should have been done in a district where I have some connection to, or conduct at least a minimal amount of business, which I do not here. For these reasons, this case should be either dismissed or, if not otherwise dismissed, transferred to the U.S. District Court for the District of New Jersey.

**Point III**

**This Complaint Does Not Allege Sufficient Facts to Claim That I Participated in any Fraud, and no court including this court has reached a final judgement that even such a fraud as mentioned in the complaint occurred.**

Plaintiff has failed to state a legally cognizable claim against the Defendants upon which relief can be granted. Plaintiff has repeatedly circulated a story and allegedly unproven facts of fraud referring to a criminal complaint. None of which have been ruled upon by this court or a higher court.

To survive a motion to dismiss, the plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). This standard requires the plaintiff to show "more than a sheer possibility that a defendant has acted

unlawfully," but does not create as high of a standard as to be a "probability requirement." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Additionally, Federal Rule of Civil Procedure 9(b) requires specific allegations to be made in any case alleging fraud. The complaint in this case makes no such allegations against me at all. The entire complaint focuses on my brother-in-law, Paul Parmar, and things that he allegedly did. Absent specific, plausible allegations that I participated, beyond the conclusory statements offered by Plaintiff, they have failed to state a cause of action against me for fraud.

Additionally, although it lacks the required specificity, this complaint alleges that I assisted in a fraud related to the go-private transaction. However, the complaint (and seemingly all other pleadings) fail to properly establish whether this go-private was even a fraud by never providing a value for CHT or making a specific fact-based allegation that the go-private transaction was for greater than the actual value of CHT.

As outlined in *United States v. Starr*, 816 F.2d 94, 98, (2nd Cir. 1987):

> Misrepresentations amounting only to a deceit are insufficient to maintain a mail or wire fraud prosecution. Instead, the deceit must be coupled with a contemplated harm to the victim. Moreover, the harm contemplated must affect the very nature of the bargain itself. Such harm is apparent where there exists a "discrepancy between benefits reasonably anticipated because of the misleading representations and the actual benefits which the defendant delivered or intended to deliver."

*Id., quoting United States v. Regent Office Supply Co.*, 421 F.2d 1174, 1182 (2nd Cir. 1970).

While the complaint discusses the value of the go-private transaction (*Complaint* ¶50-51), the compliant stops short of making specific allegations that this was any different from the actual value. By ignoring the issue of CHT's total enterprise value, Plaintiff fails to sufficiently plead a fraud.

As the trustee has had control of CHT and all its records, it is impossible to believe that

they do not know what the value of CHT was at the time of closing. The failure to address the total enterprise value is not an oversight, but rather more likely be a recognition that there is absolutely zero evidence to support the notion that the total enterprise value is anything less than the $300 million that the go-private transaction valued it at.

Upon information and belief there were several offers made to the Bank Of America and Chinh Chu, CC capital which were fully funded to acquire the business for a total value of over 300 million dollars including an offer made to the plaintiff here on first day of bankruptcy filing for over 100 million in cash and was promised to be used as Stalking horse bid and was never contacted again. In Fact, two stalking horse bidders were selected that offered less than 30% of the opening amount offered by this bidder as stalking horse. In any event such proposals to acquire the company during September 2017 to March 2018 for a total valuation exceeding 300 plus million dollars establishes the value of the company prior to bankruptcy filing and disqualifies the whole argument of fraud prior to bankruptcy filing, furthermore raises question of Bankruptcy fraud by the plaintiff.

Plaintiff's failure to either make specific allegations of fraudulent conduct by me, or to sufficiently plead that there was any economic loss as a result of the allegedly fraudulent conduct is fatal to their claims, which should be dismissed.

## Point IV:
## This Complaint Was Filed for An Improper Purpose to Pressure Paul Parmar into a settlement Targeting Me and other Parmar entities, friends, and family.

This complaint was filed by Thomas Califano, who I understand is also an attorney for Chinh Chu and CC Capital. Chinh Chu has admitted in other proceedings to hiring a group of men, including off-duty police officers and a convicted felon, to follow me and other members of our

family. This harassment was terrifying to me and my wife and seems to have been done solely to intimidate my brother-in-law into pleading guilty and giving up all claims to money in this bankruptcy case. I believe that this lawsuit is being filed for the same reason.

Plaintiff is fully aware that neither I, nor my company have any significant assets and that the legal fees that they expend prosecuting me will be significantly more than any possible recovery that they can get from me, even if their claims were true. Instead, I believe that these claims were filed on the day that the statute of limitations expired solely the threaten me and my family with becoming financially destitute if my brother-in-law does not submit to their demands.

Moreover, when I first reached out to Mr. Califano to get additional time to respond, we agreed that he could begin "third party discovery" immediately. I had no problem with this because I assumed that Mr. Califano would be subpoenaing my bank records, as well as Sage's in an effort to substantiate his claim that "the Sage Defendants received significant fees in exchange for their assistance in executing this portion of Former Management's Scheme" or that I "received significant financial benefit for [my] assistance." *Complaint* ¶109, 120, 135, 152, 176. Presumably, these subpoenas have now shown him that there were no such fees and no financial benefit to me.

Even though I agreed that Plaintiff could subpoena my bank records to see that their claims are false, they have not dismissed this complaint or modified it to remove the false allegations. Again, I feel that this further shows that this entire case was filed for an improper purpose. The trustee has no legitimate interest in getting money from me or my defunct company, Sage, but is instead using these proceedings to improperly pressure my brother-in-law by threatening his family.

**Point V**
**The complaint fails to assert any legally cognizable facts and supported by law to pierce**

**Corporate Veil**

Plaintiffs fail to state claim or allege sufficient supporting facts for piercing the corporate, the plaintiff filed this complaint, late, is untimely, statute of limitations have expired, out of time just to keep its threat issued to Paul Parmar in writing by Plaintiff to force him to agree to a settlement, he was clearly told if he does not agree to the settlement and execute it by 4pm on March 16th the plaintiff will do everything in its power to go after all Parmar parties, friends and family with full force, and as Paul Parmar did not execute the so called agreement. At 10:45pm on March 16th 2020, this complaint was filed which is untimely and the claims have expired due to statute of limitation and outside clawback period to assess avoidable transactions, Lack of service till date and no sufficient legal reasons to show that they have sufficiently addressed piercing the corporate veil to add me personally as a defendant. Plaintiff has failed to state a cause or claim to show valid and sufficient reason to file this complaint on Sage as well.

**Point VI**
**The Plaintiff's Claim for Intentional Fraudulent Transfer Under Section 548(a)(1)(A) Should Be Dismissed for Failure to State a Claim.**

The standard of review on a motion to dismiss an intentional fraudulent transfer claim under section 548(a)(1)(A) of the Bankruptcy Code is more stringent given that it is based in fraud.

A Plaintiff may avoid a transfer of a debtor's property if the debtor made the transfer (i) in the two years before a bankruptcy filing (ii) "with actual intent to hinder, delay, or defraud" creditors. 11 U.S.C. § 548(a)(1)(A). To survive a motion to dismiss, a claim for intentional fraudulent transfer must comply with the particularity standard in Rule 9(b), a higher bar than the Iqbal/Twombly standard. See Sharp Int'l Corp. v. State St. Bank & Tr. Co. (In re Sharp Int'l Corp.), 403 F.3d 43, 56 (2d Cir. 2005) (applying Rule 9(b) to state intentional fraudulent transfer claim);

Official Comm. of Unsecured Creditors of Exeter Holding, Ltd. v. Haltman, No. 13-CV5475, 2018 WL 1582293, at *9 (E.D.N.Y. Mar. 30, 2018). Rule 9(b), incorporated by reference in Bankruptcy Rule 7009, "requires a pleading, when alleging fraud, to state with particularity the circumstances constituting fraud." In re Collins, 540 B.R. 54, 59 (Bankr. E.D.N.Y. 2015). The Plaintiff "must allege facts that give rise to a strong inference of fraudulent intent." In re Tribune Co. Fraudulent Conveyance Litig., No. 11-MD-2296, 2017 WL 82391, at *4 (S.D.N.Y. Jan 6. 2017) (internal quotations omitted); see also In re Collins, 540 B.R. at 59 (Bankr. E.D.N.Y. 2015); Fed. R. Bankr. P. 7009; Fed. R. Civ. P. 9(b).

If the transferor in an actual fraudulent transfer claim is a corporation as it is here, "courts . . . will look to the intent of the corporate actors who effectuated the transaction on behalf of the corporation" and a court may impute the corporate actors' intent where the actors "were in a position to control the disposition of the transferor's property[.]" Tribune, 2017 WL 82391, at *5-6 (citing Miller v. Elway Company, LLP (In re Elrod Holdings Corp.), 421 B.R. 700, 712 (Bankr. D. Del. 2010) (declining to impute insiders' intent where Plaintiff failed to show "formal, legal Case 8-18-08048-ast Doc 399 Filed 06/30/20 Entered 06/30/20 21:50:11 25 control as well as functional control")); 5 Collier on Bankruptcy ¶ 548.04 (16th ed. 2020) ("The first requirement is often easy to show if the management of the debtor is few and each is imbued with expansive authority; if diverse, issues of control exist, with imputation barred unless the Plaintiff can prove such control."). Here, the Plaintiff fails to plead facts that give rise to a strong inference of CHT's fraudulent intent; instead, the Plaintiff merely pleads few conclusory statements regarding CHT and former management but purely information and belief of Defendants involvement and all the allegations as reported in the complaint have no proof's, validation, all the involvement of defendants is based on Upon Information and belief the Defendants got enriched, Plaintiff have all

bank records and could have verified that the Defendants did not get paid directly or indirectly from CHT under any capacity, further the plaintiff mere alleges without any proof that defendants participated and aided and abetted former managements Fraud scheme without a shred of evidence to support such outlandish allegation.

the Plaintiff simply alleges that Defendants had knowledge of the alleged fraud being carried out by the former management and not only participated to further that fraud but also aided and abetted the former management to carry out the fraud, none of these are supported by evidence and all such statement are made under Upon information and belief, a simple check of the CHT bank accounts and transfers would have shown that there was no actual transfers to the defendants at all from any of the plaintiff accounts ever. Plaintiff continues to make baseless unsupported claims "The Sage defendants Knowingly assisted former management", "The Sage defendants knowingly provided substantial assistance", and most of the allegations are "Upon information and belief"

Even if true, an allegation that a transferor did not receive reasonably equivalent value cannot support an intentional fraud claim. Tribune, 2017 WL 82391, at *14 ("To hold otherwise would turn every constructive fraudulent conveyance claim into an actual fraudulent conveyance claim and thereby undermine the distinction between the two claims."); see also In re Refco Sec. Litig., No. 07 MDL 1902 GEL, 2009 WL 7242548, at *17 (S.D.N.Y. Nov. 13, 2009) (noting that even though a transaction was a "bad deal" for the debtor, "it does not necessarily mean that fraud was afoot" and it did not sufficiently support the requisite strong inference of scienter); In re Marketxt Holdings Corp., 361 B.R. 369, 396-97 (Bankr. S.D.N.Y. 2007) (allegation that transfers "lacked adequate consideration" could not support claim of actual fraudulent intent when, as here, "there were no familial or personal relationships between the parties" and "[n]othing was done in

secret").

**As a result, the Plaintiff fails to allege with particularity the circumstances constituting fraud and fails to raise a strong inference of fraudulent intent. Thus, all the Counts should be dismissed.**

## COUNTERCLAIM

Plaintiff knew or should have known that the allegations and amounts claimed in the Complaint, were never received by the defendants Salil Sharma personally or by Defendant Sage. Further that Defendant Sage provided services to CH in proper course of business according to ordinary arm's length business terms. All the actual Sage invoices are unpaid till date. With actual or constructive knowledge of these facts Plaintiff nevertheless proceeded to bring this action which lacked any factual basis. Accordingly, Defendants request costs for this action and attorney's fees for defending this action.

Defendants reserves the right to assert any affirmative defense available under the Bankruptcy Code, 11 U.S.C. § 101, et seq., or other applicable law, as may be permitted

## CONCLUSION

Each of the counts the Plaintiff asserts should be dismissed. The Plaintiff fails to plead sufficient factual allegations to state a single plausible claim for relief. Even taking the Plaintiff's factual allegations as true, the Plaintiff fails to assert nonconclusory facts that permit the Court to draw the reasonable inference that the Plaintiff is entitled to the relief requested against the Defendants. As a result, for each of the counts asserted against the Defendants, the Plaintiff fails to state a claim for relief that crosses the line from possible to plausible. Moreover, 11 U.S.C. §548(a), and 11 U.S.C. §546 of the Bankruptcy Code unequivocally bars and preempts many of

these claims.

The Plaintiff fails to allege with particularity the circumstances constituting fraud and fails to raise a strong inference of fraudulent intent. Thus, all the Counts should be dismissed.

Plaintiff's complaint should be dismissed based on the following defects and failures in the complaint.

1. Complaint and summons were Not served on all the defendants
2. Out of Time, Statue of limitation on claims expired and complaint is untimely, and service was not effective till date.
3. References alleged transactions and claims outside the allowable period for determination of avoidable transactions
4. The complaint is based on defendants allegedly participating in third parties unproven allegations from a criminal complaint on third party defendants and draws one sided legal conclusions ( without any court rulings in any court on such allegations ) alleged and respectfully refers all conclusions of law to the Court.
5. Plaintiff filed this frivolous action based on a threat issued in writing to another third party, and hence was brought for an improper purpose.
6. Plaintiff failed to state a legally cognizable claim against the Defendants upon which relief can be granted.
7. Plaintiff failed to state a legally cognizable reasons and facts to pierce corporate Veil
8. The complaint lacks personal jurisdiction
9. Improper venue

Defendants respectfully request that this Court grants the following relief against the Plaintiff:

A. Dismissal of the Complaint with prejudice; and

B. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Salil Sharma