Dated: 09/07/2020

Honorable Judge – Mr. Alan S. trust
United States Bankruptcy Court
Eastern District Of New York

Honorable Judge

**RE: Reply to Plaintiff's Memorandum in Opposition to Defendant Motion to Dismiss regarding Docket No.: 8-18-71748-ast, Adversary Proceeding No. 8-20-08053-ast**

I would like to request your honor's court to consider my filing as Reply to Plaintiff's Memorandum in Opposition to my Motion to Dismiss along with signed cover letter.

Respectfully submitted,

Salil Sharma

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
HOWARD M. EHRENBERG,
CHAPTER 11 LIQUIDATING TRUSTEE,
          Plaintiff,

                                      Docket No.: 8-18-71748-ast
                                      Adversary Proceeding No. 8-20-08053-ast

     v.

SAGE GROUP CONSULTING, INC., and
SALIL SHARMA,
           Defendants.
--------------------------------------------------------X

**DEFENDANT SALIL SHARMA'S REPLY TO PLAINTIFF'S MEMORANDUM IN**

**OPPOSITION TO DEFENDANT MOTION TO DISMISS.**

    Defendant SALIL SHARMA, *pro se*, hereby moves:

    I, *pro se* defendant, Salil Sharma, respectfully submit this Reply to the Plaintiff's opposition to my Motion to Dismiss. I am requesting this honorable court and honorable judge to accept this Reply to the Plaintiff's opposition to my Motion to Dismiss and grant me the relief as it deems just and proper.

    I would like to reiterate the fact that I was personally never Served till date. Defendant Salil Sharma was not properly served with the Summons and Complaint till date of this filing and the defendant has not waived service in this matter and will not waive service. The defendant does not waive lack of personal jurisdiction due to improper service with this motion to dismiss and neither agreed to waive it with plaintiff, nor did I give the plaintiff any 'reasonable expectation' that I

intend to or 'will not file a motion to dismiss' and not waive service, none of my communication or this filing is waiving my right to proper service and Jurisdiction.

As I am not an attorney, please excuse any errors in this reply.  Additionally, because I am not an attorney, I am unable to represent Sage Group Consulting, Inc. ("Sage"), but the same arguments apply to the company and I ask that the Court consider those as well.  Unfortunately, Sage is a failed business and has been in the process of shutting down and neither I, nor my company can afford counsel to defend against this lawsuit.

## JURISDICTIONAL STATEMENT

The Defendants Salil Sharma and Sage Group do not consent to entry of final orders or judgments by the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court" or "Court") or any non-Article III court. Defendants did not file a proof of claim or any other voluntary action in this bankruptcy and has not otherwise consented to the jurisdiction of the Bankruptcy Court. Thus, under significant authority, the Plaintiff's fraudulent conveyance claims are "private rights" claims that, under *Stern v. Marshall, 564 U.S. 462 (2011),* and the U.S. Constitution, must be finally decided in the District Court. To the extent the Plaintiff's Complaint survives this motion to dismiss, the Defendants hereby demand a jury trial in a proper venue with Jurisdiction over defendants (District Court in New Jersey).

## DEFENDANT SALIL SHARMA'S REPLY TO PLAINTIFF'S MEMORANDUM

The Plaintiff initiated this adversary proceeding asserting the Debtor and their creditors incurred a financial loss in connection with the "Go-Private Transaction" where creditor C.C. Capital acquired debtor Constellation Healthcare Technologies, Inc. ("CHT") (Dkt. No. 1,

Compl.).  The adversary complaint alleges I contributed to the defrauding by engaging in activity that misrepresented the value of several of CHT. **(Dkt. No. 1, Compl., Counts I- VII)**.  The complaint also alleges I was compensated for my alleged participation and seeks to avoid these transactions. **(Dkt. No. 1, Compl., Counts VIII-XIII)**.

Plaintiff alleges that Defendant played three key roles: (1) Created many of the false business records—including fake due diligence reports and fake websites, (2) Helped to launder the funds received by CHT for its acquisitions, (3) Created the appearance that the companies acquired by CHT were legitimate businesses. All these three allegations are false and have no merits. I have **not** created any fake reports or fake websites or helped anyone to launder the funds or created any appearance for CHT acquisitions. ***I was not involved in any capacity with CHT company or its any business or transactional activities.*** I was never paid any money by CHT or from Former Management.

Plaintiff has failed to state a legally cognizable claim against the Defendants upon which relief can be granted. Plaintiff has repeatedly circulated a story and allegedly unproven facts of fraud referring to a criminal complaint. None of which have been ruled upon by this court or a higher court. **Federal Rule of Civil Procedure 9(b)** requires specific allegations to be made in any case alleging fraud. The complaint in this case makes no such allegations against me at all. The entire complaint focuses on my brother-in-law, Paul Parmar, and things that he allegedly did. Absent specific, plausible allegations that I participated, beyond the conclusory statements offered by Plaintiff, they have failed to state a cause of action against me for fraud.

I was not involved in any capacity with CHT company or its any business or transactional activities including the NorthStar, Phoenix, Vega, MDRX or Go-Private Transactions as alleged. I have never received any money or funds from CHT or Former Management. Neither me or SGC

was paid any fees by CHT or Former Management.

I moved to dismiss the complaint because it fails to state a claim against me and plead fraud with particularity as required under **Fed. R. Civ. P.9(b). (Dkt. No. 7, MTD)**. I established (1) Counts I through VII of the adversary complaint fail to state a claim because the complaint is devoid of facts to establish CHT was overvalued and thus, fraud occurred **(Dkt. No. 7, MTD, pp.5-7, Point III).**, and (2) Counts VIII through XIII fail to state a claim because the complaint does not demonstrate that the alleged transactions the Plaintiff seeks to avoid occurred within two years of the Debtors filing their voluntary petition, i.e. March 16, 2018. **(Dkt. No. 7, MTD, pp.3-4, Point I)**.

The Plaintiff opposed my motion by making conclusory statements. **(Dkt. No. 16, Opp.)**. He asserts (1) he is not required to allege the value of CHT at the time of the Transaction and fraud is adequately alleged in the complaint **(Dkt. No. 16, Opp. pp.8-9, § I.B.),** and (2) he seeks to avoid the "consulting fees" he alleges I received from the Debtors' former management and that I received these fees within two years before the filing of the petition. **(Dkt. No. 16, Opp. p. 15, § V)**. However, as set forth more fully below, these assertions are not supported by facts in the complaint.

The Go-Private Transaction valued CHT at $269.0 million. Without alleging the what actual value of CHT was at the time of the Transaction, the complaint fails to establish that the company was overvalued and debtor CHT and creditor C.C. Capital was injured. The Plaintiff is correct that he does not have to *prove* his claims at this time, but the complaint must contain enough facts, if taken as true, to suggest fraud occurred. The complaint is devoid of such facts and therefore, fails to state a claim. Additionally, the Plaintiff's naked assertion, without supporting facts, that I received "consulting fees" within two years of the filing of the bankruptcy petition is

insufficient to establish a transaction occurred that is avoidable under 11 U.S.C. §§544 and 548. The Plaintiff is unable to establish these facts, therefore, the Court allowing leave to amend the complaint would be futile. Accordingly, the complaint should be dismissed with prejudice. *See e.g.* ***Dept. of Econ. Dev. v. Andersen Co.*, 739 F. Supp. 804, 806 (S.D.N.Y. 1990)**( The Second Circuit has stated that a court may deny leave to replead when amending would be futile.

### A. Counts I through VII of the Adversary Complaint Fail to State a Claim Because there are no Facts to Establish the Underlying Fraud.

Counts I through VII of the complaint[1] fail to state claims against me. In order set forth these causes of actions, the complaint must contain facts to establish fraud occurred. ***Marchak v. JPMorgan Chase & Co.*, 84 F. Supp. 3d 197, 214 (E.D.N.Y. 2015)**(find claims of aiding and abetting fraud, civil conspiracy, aiding and abetting conversion, breach of fiduciary duty, unjust enrichment, and aiding and abetting negligence are integrally tied to the underlying fraud).

This action stems from the allegedly loss the Debtors and creditors incurred in connection with the Go-Private Transaction. During this Transaction, creditor C.C. Capital acquired Debtor CHT which at the time, was valued at $269.0 million. The complaint asserts CHT's value was inflated but does not allege the actual value of CHT to support this contention. In his opposition, the Plaintiff asserts the complaint does not need to set forth the actual value of CHT and that the statement in the complaint, "CHT was valued at a 45% premium to its stock price" is sufficient. (Dkt. No. 16, Opp. p. 8 § I.B).

The Plaintiff is incorrect because a blanket statement that CHT was overvalued in the Go-Private Transaction without supporting facts is insufficient under **Fed. R. Civ. P. 8 and 9(b)** to

---

[1] (I) aiding and abetting fraud, (II) aiding and abetting breach of fiduciary duty, (III) aiding and abetting conversion, (IV) fraudulent misrepresentation and omission, (V) negligent misrepresentation, (VI) conspiracy to commit fraud, and (VII) unjust enrichment.

demonstrate the parties were injured. Under New York law, fraud exists only if a party was injured. *Allstate Ins. Co. v. Bogoraz*, **818 F. Supp. 2d 544, 550 (E.D.N.Y. 2011).** The complaint does not contain facts to support the contention CHT's actual value at the time of the Transaction was less than $269.0 million. Without such facts the complaint does not establish the Debtors or creditors were injured to set forth a claim for fraud under New York law. Additionally, the complaint does not contain facts from which the Court could plausibly derive CHT's value and the corresponding injury. Consequently, the complaint fails to state a claim because it fails to establish the underlying fraud.

### B. Counts VIII through XIII of the Adversary Complaint Fail to State a Claim Because there are no Facts to Establish an Avoidable Transaction Occurred.

In my motion, I demonstrate the complaint fails to establish an avoidable transfer occurred within two years of the filing of the bankruptcy petition. *See* **11 U.S.C. § 546(a).** Counts VIII through XIII of the complaint seeks to avoid, what the Plaintiff refers to as, "consulting fees" I allegedly received from the Debtors' former management.  In his opposition, the Plaintiff relies on conclusory statements in the complaint that I received "consulting fees" between March 16, 2016 and March 16, 2018 (i.e. within two years of the filing of the bankruptcy petition). **(Dkt. No. 16, Opp. § V p. 15).** These blanket assertions without supporting facts are insufficient to establish an avoidable transaction occurred.

The Plaintiff seeks to avoid "consulting fees"[2] I allegedly received in connection with seven transactions but the complaint fails to set forth facts to support the assertion that I received any fees between March 16, 2016 and March 16, 2018 that can be avoided. The complaint contains

---

[2] The term "consulting fee" is used only in the "Counts" and not the allegations of the complaint. For the purposes of this reply, I have interpreted the term "consulting fee" to include any allegation of compensation.

conclusory statements that "[u]pon information belief, [I was] paid significant fees." (Dkt. No. 1, Complaint ¶¶ 80, 101, 109, 120, 135, 152, and 176). However, allegations based "upon information and belief" are insufficient to support a fraud claim. ***Schlick v. Penn–Dixie Cement Corp*., 507 F.2d 374, 379 (2d Cir.1974), cert. denied, 421 U.S. 976, 95 S.Ct. 1976 (1975).**

Additionally, the complaint confirms several of the transactions occurred more than two years before the Debtors filed a bankruptcy petition in March of 2018. The complaint asserts the NorthStar Transaction took place in 2015 **(Dkt. No. 1, Compl. ¶¶ 65-80)**. The complaint alleges Debtors' records indicate the Phoenix Transaction payments were disbursed in 2015 and "upon information and belief [were] transferred [to me]." **(Dkt. No. 1, Compl., ¶ 115-116).** The Plaintiff attempts to support this assertion by referencing financial statements I provided. **(¶118).** However, my statements alone do not establish that I received funds from the Phoenix Transaction and the statements are dated December 2015 and January 2016 **(¶118)**, thus, any funds reflected on the statements was earned more than two years from the date of the filing of the petition. The complaint alleges the 2 River Terrace Transaction occurred on February 19, 2016 and funds were disbursed the same day **(Dkt. No. 1, Compl. ¶¶129-30).** Taking these allegations as true, the complaint does not establish an avoidable transaction occurred within two years of the filing of the bankruptcy petition. Accordingly, the complaint fails to state a claim upon which relief can be granted under 11 U.S.C. §§ 544 and 548.

**C. Counts VIII through XIII of the Adversary Complaint Fail to State a Claim Because the Complaint is referencing transactions outside the legally allowed clawback period as Avoidable Transaction**

**11 U.S.C. §548(a), and 11 U.S.C. §546 of the Bankruptcy Code** unequivocally bars and preempts many of the claims that are the basis of the plaintiff's complaint.   Complaint is

referencing transactions outside the legally allowed clawback period to assess avoidable transactions in bankruptcy proceeding. It precludes any claims that can be alleged null and void due to expiry of statute of limitations and the clawback period of 2 years from the initial filing.

In a decision in Industrial Enterprises of *America Inc.( In re Pitt Penn Holding Inc .), No. 09-11475, Adv. No. 11-51868 (Bankr. D. Del. Jan. 24, 2012), Judge Brendan L. Shannon* held that the two-year period set forth in **11 U.S.C. §548(a) is not a statute of limitations. Instead, it is a substantive element of a fraudulent conveyance action. As a result, this period is not subject to equitable tolling.**

In reaching his conclusion, Shannon noted that statutes of limitations regulate "secondary conduct" (i.e., the filing of an adversary proceeding) and not primary conduct (i.e, the transactions that give rise to a cause of action). Statutes of limitations restrict secondary conduct by "restricting the time within which a party may institute proceedings" after a cause of action has accrued.

Shannon then reviewed the language of **§548.**

Although, Shannon wrote, **§548** "clearly" creates a cause of action for a debtor or trustee: "[N]owhere does it cap or 'regulate' how far into the future the Trustee may bring that claim (the 'secondary conduct'), something a statute of limitations would do. Instead, the **§548** look-back provision does just what it says: it looks back from when the cause of action accrued (the petition date) to see if transfers occurred within the previous two years. By contrast, a statute of limitation begins running when a cause of action accrues and requires a litigant to file its claim within a certain time in the future, or perhaps lose it forever."

In other words, **§548** identifies the "universe of transfers that are avoidable" as fraudulent conveyances. It does not identify a date by which a plaintiff must perform any act. By contrast, **§546** of the Bankruptcy Code sets forth "a true statute of limitations." That section unambiguously identifies the date by which an action must be commenced. It does not identify the elements of any particular cause of action. Most importantly **§546's** limitations periods, as true statutes of limitations, may be equitably tolled.

Shannon expressly rejected the holding in Official Committee of **Unsecured Creditors v. Pardee ( In re Stanwich Financial Services Corp. ), 291 B.R. 25 (Bankr. D. Conn. 2003),** the only case cited by IEAM in its motion for reconsideration. He noted that the Pardee court "did not consider as this Court and others have, [whether] the look-back period is a statute of limitations or is instead a substantive element of a **§548** claim, nor

did it address the effect of that distinction on equitable tolling."

As a result of his decision, Shannon declined to alter or amend his original order dismissing IEAM's claim against the Collyers.

More importantly, his decision will provide guidance to plaintiffs and defendants as to the limits of a trustee's avoidance power.

### D.    Defendant is Entitled to All Litigation Expenses

Plaintiff knew or should have known that the allegations and amounts claimed in the Complaint, were never received by the defendants Salil Sharma personally or by Defendant Sage. With actual or constructive knowledge of these facts Plaintiff nevertheless proceeded to bring this action which lacked any factual basis.

As I mentioned earlier, I am not an attorney. Filing the compliant response to the complaint allegations, and motions need research, regulatory knowledge, and expertise to prepare response document. Although, I am acting pro-se and I am not being represented by an attorney in the court, but I am still taking legal advice and services of attorney to help me prepare my responses to be filed as Pro-Se. Accordingly, Defendants request costs for this action and attorney's fees for defending this action.

### Conclusion

The complaint fails to set forth facts to establish CHT was overvalued at the time of the Transaction and as a consequence, parties were injured. Without establishing this injury, the complaint fails to state a claim for fraud against me. The complaint is also devoid of facts that demonstrate a transaction occurred within two years of the filing of the bankruptcy petition that is avoidable under 11 U.S.C. §§ 544 and 548. Consequently, the complaint fails to state a claim and must be dismissed.

*[Remainder of Page Intentionally Blank]*

Dated: September 7th, 2020

Respectfully submitted,

Salil Sharma