UNITED STATES BANKRUPTCY COURT
EASTER DISTRICT OF NEW YORK
----------------------------------------------------------------X
In re:                                                          Chapter 11

Orion HealthCorp, Inc., et al.                                  Case No. 18-71748 (AST)


                            Debtors.                            (Jointly Administered)
----------------------------------------------------------------X
Howard M. Ehrenberg,
Chapter 11 Liquidating Trustee,
                                                                Adv. Pro. No. 20-08053 (AST)
                            Plaintiff,


                            v.


Sage Group Consulting, Inc., and Salil
Sharma,
                            Defendants.
----------------------------------------------------------------X

## DECISION AND ORDER DENYING MOTION TO DISMISS

### ISSUE AND SUMMARY OF RULING

Pending before this Court is the motion filed by the defendant, Salil Sharma ("Sharma")

seeking to dismiss the above-captioned adversary proceeding (the "Adversary Proceeding") as

against him and seeking sanctions against the plaintiff (the "Motion").  For the reasons stated

below, the Motion is denied.

### PROCEDURAL HISTORY

Between March 16 and July 5, 2018, a series of related debtors[1] (collectively, "Debtors")

each filed a petition for relief under chapter 11 of title 11 of the United States Code (the

---

[1] The chapter 11 case is comprised of the following jointly administered Debtors: Orion Healthcorp, Inc.; Constellation Healthcare Technologies, Inc.; NEMS Acquisition, LLC; Northeast Medical Solutions, LLC; Physicians Practice Plus, LLC; Physicians Practice Plus Holdings, LLC; Medical Billing Services, Inc.; Rand Medical Billing, Inc.; RMI Physician Services Corporation; Western Skies Practice Management, Inc.; Integrated Physician Solutions, Inc.; NYNM Acquisition, LLC; Northstar FHA, LLC; Vachette Business Services, Ltd.; MDRX Medical Billing, LLC; VEGA Medical Professionals, LLC; Allegiance Consulting Associates, LLC; Allegiance Billing & Consulting, LLC; Phoenix Health, LLC; NEMS West Virginia, LLC; Northstar First Health, LLC; New York Network Management, L.L.C

"Bankruptcy Code"). By order dated July 10, 2018, the above-captioned cases (the "Bankruptcy Case") were consolidated for procedural purposes and jointly administered. Order Directing the Joint Administration of an Additional Case, Bankruptcy Case Dkt. No. 381.

On March 16, 2020, Howard M. Ehrenberg, the Chapter 11 Liquidating Trustee under the confirmed plan of reorganization[2] ("Trustee") filed a complaint (the "Complaint") against Sage Group Consulting, Inc. ("SGC"),[3] and Salil Sharma ("Sharma" and with SGC, "Defendants"). Compl., Adv. Dkt. No. 1.

Trustee asserts the following causes of action jointly against Defendants: (i) aiding and abetting fraud (Count I); (ii) aiding and abetting breach of fiduciary duty (Count II); (iii) aiding and abetting conversion (Count III); (iv) fraudulent misrepresentation and omission (Count IV); (v) negligent misrepresentation (Count V); (vi) conspiracy to commit fraud (Count VI); (v) unjust enrichment (Count VII); (vi) avoidance of fraudulent transfers and conveyances (Counts VII-XIII); and (vii) attorneys' fees (Count XIV). *Id.*

On July 17, 2020, Sharma filed a second amended motion to dismiss and for sanctions. (the "Motion"). Second Am Mot. to Dismiss, Adv. Dkt. No. 12.

On August 14, 2020, Trustee filed a memorandum of law in opposition to the Motion (the "Opposition"). Mem. of Law in Opp'n, Adv. Dkt. No. 16.

On September 7, 2020, Sharma filed a reply to the Opposition and in further support of the Motion. Reply, Dkt. No. 19.

On March 30, 2024, Sharma filed a Statement of Not Consent to Entry of Final Orders or

---

[2] *See* Debtors' Third Am. Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code, Case No. 18-71748, Dkt. No. 645; Findings of Fact, Conclusions of Law, and Order Confirming Debtors' Third Am. Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code, Bankruptcy Case Dkt. No. 701.
[3] By Order dated February 23, 2024, the Court granted Trustee's motion for default against SCG. Am. Order Granting Mot. for Default Against Def. Sage Group Consulting, Inc., Adv. Dkt. No 28.

Judgement by the Bankruptcy Court.  Def. Salil Sharma's Statement of Not Consent to Entry of

Final Orders or J. by the Bankruptcy Ct., Adv. Dkt. No. 30.

## DISCUSSION

Sharma moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the

"Rules"), as incorporated to the Adversary Proceeding pursuant to Rule 7012 of the Federal

Bankruptcy Rules of Procedure ("Bankruptcy Rules"), to dismiss the fraud-related causes of

action.  Sharma argues that these allegations against him are not sufficiently specific according to

Rule 9(b) and Trustee has failed to state legally cognizable claims against him upon which relief

can be granted.

While Sharma does not identify the exact counts of the Complaint which he claims are

insufficiently plead, Counts I, IV, VI, and VIII through XIII of the Complaint allege that Sharma

participated in fraudulent activity.  As such, the Court will address those causes of action in turn.

### I.    Rule 12(b)(6) Legal Standard

Under Rule 12(b)(6), a party may seek to dismiss a complaint "for failure to state a claim

for relief upon which relief can be granted." FED. R. CIV. P. 12(b)(6).  The question in a Rule 12

motion to dismiss is not whether a plaintiff will ultimately prevail but whether the claimant is

entitled to offer evidence to support the claims. *Villager Pond, Inc. v. Town of Darien*, 56 F.3d

375, 378 (2d Cir. 1995); *Pereira v. Frenkel Benefits, LLC (In re Moyer Grp., Inc.)*, 586 B.R. 401,

407 (Bankr. S.D.N.Y. 2018) *Margiotta v. Kaye*, 283 F. Supp. 2d 857, 862 (E.D.N.Y. 2003)..  The

purpose of a Rule 12(b)(6) motion "is to assess the legal feasibility of the complaint, not to weigh

the evidence which the plaintiff offers or intends to offer." *Citibank, N.A. v. K-H Corp.*, 745 F.

Supp. 899, 902 (S.D.N.Y. 1990).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678(2009) ("*Iqbal*") (citations omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007) ("*Twombly*").  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570.  On a Rule 12(b)(6) motion, the movant bears the burden to show that he is entitled to dismissal of the claims.  *Muhammad v. New York City Transit Auth.*, 450 F. Supp. 2d 198, 202 (E.D.N.Y. 2006).  When deciding a motion to dismiss, the courts must "construe[] the complaint liberally" and "draw[] all reasonable inferences in the plaintiff's favor." *Twombly*, 550 U.S. at 555-56; *Bellin v. Zucker*, 6 F.4th 463, 473 (2d Cir. 2021); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).  Courts will not dismiss a claim under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *45 John Lofts v. Meridian Cap. Grp. LLC (In re John Lofts, LLC)*, 599 B.R. 730, 739 (Bankr. S.D.N.Y. 2019) (citing *Twombly*, 550 U.S. at 555).

## II.      The Complaint is Adequately Plead and Survives Dismissal under Rule 12(b)(6)

### i.      <u>Counts I, IV, and VI: Common Law Fraud Based Claims</u>

To prevail on allegations of aiding and abetting fraud under New York law, a plaintiff must establish (1) an underlying fraud; (2) the defendant's actual knowledge of the fraud; and (3) the defendant's substantial assistance to the fraud.  *Silvercreek Mgmt., Inc. v. Citigroup, Inc.*, 346 F. Supp. 3d 473, 482 (S.D.N.Y. 2018) (collecting cases).

To adequately plead claims of conspiracy to commit fraud under New York law, in addition to pleading the underlying fraud, the plaintiff must allege the following with the required specificity as to each defendant: (1) an agreement among two or more parties; (2) a common

objective; (3) acts in furtherance of the objective; and (4) knowledge. *JP Mortg. Chase Bank v. Winnick*, 406 F. Supp. 2d 247, 259 (S.D.N.Y. 2005).

To plead a claim of fraud under New York law, a plaintiff must allege (1) a material misrepresentation or omission of a fact, (2) knowledge of that fact's falsity, (3) an intent to induce reliance, (4) justifiable reliance by the plaintiff, and (5) damages. *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 170 (2d Cir. 2015); *see also Spector v. Wendy*, 63 A.D.3d 820, 821-22 (2d Dep't 2009) (collecting cases).

In actions involving fraud, "the circumstances constituting fraud … shall be stated with particularity." FED. R. CIV. P. 9(b).  "The particularity requirements serve to put the defendant on sufficient notice of the alleged fraudulent conduct to be able to answer and defend the allegations." *Messer v. Collins (In re Collins)*, 540 B.R. 54, 65 (Bankr. E.D.N.Y. 2015)  To meet the particularity requirement, a pleading should set forth the following: (1) precisely what statements or omissions were made and the documents or oral representations those statements were made through; (2) the time, place, and person responsible for making each statement; (3) the content of the statements and how those statements misled plaintiffs; and (4) what benefit defendants obtained as a result of the fraud. *Manela v. Gottlieb*, 784 F. Supp. 84, 87 (S.D.N.Y. 1992).

Intent may be averred generally under Rule 9(b).  *Silverman v. H.I.L. Assoc. Ltd. (In re Allou Distribs., Inc.)*, 387 B.R. 365, 385 (Bankr. E.D.N.Y. 2008).  As such, "great specificity [is] not required with respect to the allegations of knowledge and scienter…."  *Goldman v. Belden*, 754 F.2d 1059, 1070 (2d Cir. 1985); *see also Nisselson v. Ford Motor Co. (In re Monahan Ford Corp. of Flushing)*, 340 B.R. 1, 28 (Bankr. E.D.N.Y. 2006).  This is because "a plaintiff realistically cannot be expected to plead a defendant's actual state of mind." *Id.* (citing *Wight v. BankAmerica Corp.*, 219 F.3d 79, 91 (2d Cir. 2000) (internal citation omitted).  Conclusory

allegations of scienter are sufficient "if supported by facts giving rise to a strong inference of fraudulent intent." *Id.* (internal citations and quotations omitted).

Fraudulent intent may be inferred "(a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." *In re Allou Distribs., Inc.*, 387 B.R. at 385. Indeed, "Courts take a liberal approach when reviewing allegations of fraud pled by a trustee because, as an outside party to the transactions in issue, the trustee must plead the claim of fraud for the benefit of the estate and its creditors based upon second-hand knowledge." *Enron Corp v. Credit Suisse First Boston Int'l (In re Enron Corp.)*, 328 B.R. 58, 73 (Bankr. S.D.N.Y. 2005).

The heightened pleading requirements of Rule 9(b) applies to allegations of fraudulent omission as well as fraudulent misrepresentation. *See Delphi Corp. v. Appaloosa Mgmt. L.P. (In re Delphi Corp.)*, No. 05-44481(RDD), 2008 WL 5146952, at *1, *3 (Bankr. S.D.N.Y. Nov. 19, 2008); *see also In re Monahan Ford Corp. of Flushing*, 340 B.R. 1, 21 (Bankr. E.D.N.Y. 2006). "However, given that there is no speaker and no communication, the pleading requirements are somewhat different for fraudulent omissions than affirmative misstatements or affirmatively fraudulent statements." *In re Delphi Corp.*, 2008 WL 5146952, at *3. As such, the complaint must specify (1) what the omissions were, (2) the person responsible for the failure to disclose, (3) the context of the omissions and the manner in which they misled the plaintiff, and (4) what defendant obtained through the fraud. *Id.* (citing *T.L.O. v. Monsanto Co.*, 522 F. Supp. 2d 524, 533 (S.D.N.Y. 2007). Additionally, this claim may only be supported when the nondisclosing party had a duty to disclose. *Id.* at 534. "Normally, such duty arises where the parties are in a fiduciary or other relationship signifying a heightened level of trust." *Id.*

Here, Trustee has adequately pled claims for aiding and abetting fraud (Count I), fraudulent misrepresentation and omission (Count IV), and conspiracy to commit fraud (Count VI).  A review of the Complaint reveals that Trustee has alleged facts purporting that Defendants not only omitted information for reports they composed for Debtors, falsified and fabricated bank records to distort CHT's revenue streams, and fabricated income streams and customers of CHT to conceal certain material facts and information from Debtors, but also knowingly made numerous false representations of material facts in the reports it composed and issued to Debtors.  Further, the Complaint sufficiently alleges Sharma's knowledge of and participation in the fraudulent schemes at the core of the five transactions that are sought to be avoided.  Trustee also sufficiently alleges that Defendants were knowing, willing and intentional participants with Former Management (three individuals) to conspire against Debtors and agreed to pursue Former Management's aims and illicit schemes.  Additionally, Trustee adequately alleges that Defendants and Former Management conspired specifically to defraud Debtors into acquiring companies for significantly higher valuations (i.e., common objective) and details steps taken by Defendants to achieve such objective (i.e., creating fake diligence reports, fake website, and invoices).

### ii.    **Counts VIII Through XIII: Fraudulent Transfers and Conveyances**

In addition, the Complaint adequately alleges causes of action under Counts VIII through XIII for fraudulent transfers (both intentional and constructive) and fraudulent conveyances brought under both the Bankruptcy Code and New York Debtor and Creditor Law ("NYDCL").

### a.    **Bankruptcy Code Section 548(a)(1)(A)**

Pursuant to Bankruptcy Code Section 548(a)(1)(A), "[t]he trustee may avoid any transfer… of an interest of the debtor in property . . . that was made . . . within 2 years before the date of the filing of the petition, if the debtor voluntarily . . .  made such transfer . . . with actual intent to

hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made . . . indebted."

As noted above, allegations of intentional fraudulent transfer must satisfy the heightened pleading requirements of Rule 9(b). *Sharp Int'l Corp. v. State Street Bank & Trust Co. (In re Sharp Int'l Corp.)*, 403 F.3d 43, 56 (2d Cir. 2005); *see also Picard v. Cohmad Sec. Corp. (In re Bernard L. Madoff Inv. Sec. LLC)*, 454 B.R. 317, 329 (Bankr. S.D.N.Y. 2011) ("Actual fraudulent transfer claims brought under either section 548(a)(1)(A) of the Code or section 276 of the NYDCL must meet the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure.) (internal citations omitted). Accordingly, the party asserting an intentional fraudulent transfer claim must "specify the property that was allegedly conveyed, the timing and frequency of those allegedly fraudulent conveyances, [and] the consideration paid." *United Feature Syndicate, Inc. v. Miller Features Syndicate, Inc.*, 216 F. Supp. 2d 198, 221 (S.D.N.Y. 2002).

When pleading fraudulent intent under Bankruptcy Code Section 548(a)(1)(A), however, conditions of a person's mind—such as "malice, intent, knowledge and other condition of mind of a person may be averred generally." FED. R. CIV. P. 9(b); *Kalnit v. Eichler*, 264 F.3d 131, 138 (2d Cir. 2001). "Given the difficulties in establishing a transferor's actual intent, courts often look at the totality of the circumstances as well as the badges of fraud surrounding the transfers." *Gredd v. Bear, Stearns Sec. Corp. (In re Manhattan Inv. Fund Ltd.)*, 310 B.R. 500, 505–06 (Bankr. E.D.N.Y 2002) (citing *MFS/Sun Life Trust–High Yield Series v. Van Dusen Airport Servs., Co.*, 910 F. Supp. 913 (S.D.N.Y.1995)). "Accordingly, courts look for (1) a close relationship among the parties to the transaction; (2) a secret and hasty transfer not in the usual course of business; (3) inadequacy of consideration; (4) the transferor's knowledge of any other creditor's claims and the debtor's inability to pay them; (5) use of dummies or fictitious parties; and (6) retention of control

by the transferor after the conveyance." *Id.* at 505n.3.

Here, the Complaint alleges nearly all of the badges of fraud identified in *Manhattan Inv. Fund*, including the following: (1) Sharma is alleged to be brother-in-law to a significant control person behind Debtors, Paul Parmar, and many of the companies purchased during the relevant transactions were owned or controlled by Sharma and/or Paul Parmar; (2) transfers regularly took place immediately following the suspected fraudulent transactions; (3) Debtors routinely paid inflated prices for little or no consideration in return; (5) numerous dummies or fictitious parties were involved in the transactions, including Sharma's pseudonym, Bobby Kumar; and (6) one transaction purported to exchange certain assets of SGC, but in reality, no transfer of assets took place.

### b. Bankruptcy Code Section 548(a)(1)(B)

Trustee's claims concerning constructive fraud are also sufficiently pled. Under Bankruptcy Code Section 548(a)(1)(B), a trustee must state sufficient non-conclusory facts to support the following: (1) an interest of the debtor's property was transferred; (2) the debtor made the transfer within two years of the petition date; (3) the debtor received less than a reasonably equivalent value in exchange for the transfer; and (4) one of the four financial conditions enumerated in Bankruptcy Code Section 548(a)(1)(B)(ii)(I)-(IV) is satisfied. *Mendelsohn v. The Dalston Sch., Inc. (In re Molina)*, 657 B.R. 172, 186 (Bankr. E.D.N.Y. 2023).

Here, the Complaint alleges that (1) millions of dollars of Debtors were fraudulently transferred, (2) two years before the petition date, (3) Debtors did not receive reasonably equivalent value for such transfers, and that (4) Debtors were either (I) insolvent or became insolvent as a result of the monies being transferred, (II) engaging in business or a transaction, or about to engage in business or a transaction, for which any property remaining with Debtors was an unreasonably

small capital, and (III) intending to incur, or reasonably believing Debtors would incur, debts that would be beyond Debtors' ability to pay as such debts matured.  Throughout the Complaint, Trustee provides sufficient, and rather substantial detail about the dates and amounts of the purported fraudulent transfers of millions of dollars among various entities.

### c.  Bankruptcy Code Section 544(b)

Further, as it relates to claims seeking to recover funds subsequently transferred to Defendants and whether such claims are sufficiently pled, the Court need only apply its analysis under Rule 8.  *Picard v. Merkin (In re Bernard L. Madoff Inv. Sec.), LLC*, 440 B.R. 243, 269 (Bankr. S.D.N.Y. 2010); *see also SPIC v. Stratton Oakmont, Inc.*, 234 B.R. 293, 317—18 (Bankr. S.D.N.Y. 1999) ("[R]ecovery under § 550(a) is not subject to a particularized pleading standard…").  As such, Trustee must provide only a "short and plain statement of the claim showing that [he] is entitled to relief."  *Id.* (citing FED. R. CIV. P. 8(a)(2)).  Trustee has done that here.

 "In order for a trustee to maintain an action for avoidance of fraudulent conveyance, the trustee must show that at least one of the present unsecured creditors of the estate holds an allowable claim, against whom the transferor or obligation was invalid under applicable or federal law."  11 U.S.C. § 544(b); *In re Molina*, 657 B.R. at 172.  Trustee claims that the fraudulent conveyances were done in violation of Sections 273 and 274 of NYDCL.

While a Bankruptcy Code Section 544(b) claim survives a motion to dismiss even if a trustee does not identify a specific creditor holding an allowable unsecured claim at the time of the transfer in the complaint, a trustee must at least plead "facts from which is can be plausibly concluded that there is at least one legitimate creditor of the estate."  *In re Molina*, 657 B.R. at 190.  Trustee has done so here.  Here, pursuant to Debtors' Plan, as confirmed by this Court on

February 26, 2019, "Trustee is responsible for the investigation and prosecution of all causes of action held by Debtors' Secured Lenders *and holders of Allowed General Unsecured Claims*." Compl., ¶ 9 (emphasis added). There is no doubt that there are legitimate creditors of Debtors' estate.

### d. NYDCL §§ 273, 274, 275, 276

A transfer is deemed constructively fraudulent under NYDCL §§ 273[4], 274, and 275 "if it is made without fair consideration," and one of the following is met:

> (i) the transferor is insolvent or will be rendered insolvent by the transfer in question, DCL § 273; (ii) the transferor is engaged in or is about to engage in a business transaction for which its remaining property constitutes unreasonably small capital, DCL § 274; or (iii) the transferor believes that it will incur debt beyond its ability to pay, DCL § 275.

*Gowand v. The Patriot Grp., LLC (In re Dreier LLP)*, 452 B.R. 391, 441 (Bankr. S.D.N.Y. 2011) (citing *Sharp Int'l Corp. v. State Street Bank (In re Sharp Int'l Corp.)*, 403 F.3d 43, 53 (2d Cir. 2005).

As discussed above, the Court has determined that Trustee has adequately pled that Debtors routinely paid inflated prices for little or no consideration in return (allegations asserted under Bankruptcy Code Section 548(a)(1)(A) claims), and that (i) Debtors were insolvent or rendered insolvent because of the alleged fraudulent transfers, (ii) Debtors were engaged in a business transaction for which their remaining property constituted unreasonably small capital, and (iii) Debtors believed that it would incur debt beyond its ability to pay (all raised in the allegations of Bankruptcy Code Section 548(a)(1)(B) claims).

NY DCL § 276 provides that, "[e]very conveyance made and every obligation incurred

---

[4] "[C]ourts have generally applied § 548(a)(1)(B)'s standard of 'reasonably equivalent value' interchangeably with DCL § 273's standard of 'fair consideration.'" *Barnard v. Albert (In re Janitorial Close-Out City Corp.)*, No. 09-72982-AST, Adv. No. 11-8952-AST, 2013 WL 492375, at *6 (Bankr. E.D.N.Y. Feb. 8, 2013).

with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditor." N.Y. DEBT. & CRED. L. § 276 (McKinney 2020). Claims brought under Bankruptcy Code Section 548(a)(1)(A) and NYDCL § 276 "essentially overlap." *In re Janitorial Close-Out City Corp.*, 2013 WL 492375, at *5. Because the Court has denied the Motion to the extent it seeks to dismiss the claims brought under Bankruptcy Coe Section 548(a)(1)(A), the Court will also deny the portion of the Motion which requests dismissal of claims brought under NYDCL § 276.

Thus, the portion of the Motion seeking dismissal of the fraudulent transfer and fraudulent conveyance claims under Counts VIII through XIII is also denied. As such, Count XIV of the Complaint, seeking attorneys' fees for violations of Section 276-a of NYDCL, will not be dismissed at this juncture.

## III.    The Complaint is Not Barred by the Statute of Limitations

Sharma alleges that the Adversary Proceeding should be dismissed as the statute of limitations on the claims has run and the Complaint was filed untimely. "A statute of limitations affirmative defense normally cannot be decided on a motion to dismiss." *Kelly v. Commc'ns Workers of Am. AFL-CIO*, No. 1:22-cv-10923 (GHW) (SDA), 2023 WL 5105482, at *2 (S.D.N.Y. July 25, 2023). However," [w]here the dates in a complaint show that an action is barred by a statute of limitations, a defendant may raise the affirmative defense in a pre-answer motion to dismiss." *Id.* (citing *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989) and *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004) "([a]n affirmative defense may be raised by a pre-answer motion to dismiss under Rule 12(b)(6), without resort to summary judgment procedure, if the defense appears on the face of the complaint.")). " Such a motion is properly treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be

granted rather than a Rule 12(b)(1) motion to dismiss for lack of jurisdiction over the subject matter." *Kelly*, (citing *Ghartey*, 869 F.2d at 162); s*ee also Bryant v. Broadcast Music Inc.*, 721 Fed. Appx. 78, 80 (2d Cir. 2018) "([A] statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the fact of the complaint.").

Sharma first asserts that Counts VIII through XIII[5] of the Complaint fall outside the time limitations provided by Bankruptcy Code Sections 546 and 548(a) for the avoidance of fraudulent transfers under the Bankruptcy Code as the alleged transfers were made more than two (2) years before the petition date.  Under Bankruptcy Code Section 548(a), a trustee can move to avoid fraudulent transfers "made or incurred on or within 2 years before the date of the filing of the petition."  Here, the fraudulent transfers alleged in the Complaint are the "consulting" fees paid to Sharma for his assistance with the underlying fraudulent scheme.  Compl. ¶¶ 232, 238.  These payments are expressly alleged to have been made within two years before the filing of the petition. *Id.* ¶¶ 235.

Sharma further asserts that the complaint itself was untimely, as it was filed more than (2) years after the petition date.  Bankruptcy Code Section 546(a)(1)(A) provides proceedings under Sections 544 and 548 for the avoidance of fraudulent transfers may be "commenced" within "2 years after the entry of the order for relief."  Here, the voluntary chapter 11 petition was filed on March 16, 2018.  The Adversary Proceeding was filed on March 16, 2020, exactly two years after the filing of the voluntary petition.  Therefore, the Complaint was filed within the two-year statute of limitations. *See Myers v. Raynor (In re Raynor)*, 617 F.3d 1065, 1069 (8th Cir.) (acknowledging that the two-year limitation periods for avoidance actions ends at midnight on the anniversary date of entry of order for relief).  "This is not a novel interpretation of this statute." *Id.* (citing *Callahan*

---

[5] Count VIII is a cause of action for intentional fraudulent transfer, Count IX is for constructive fraudulent transfer, and Counts X through XIII are for avoidance of fraudulent conveyances.

*v. Moore (In re Gen. Creations, Inc.)*, 343 B.R. 548, 552 (Bankr. W.D. Va. 2006) (holding that where order for relief was entered on July 22, 2003, "the statute of limitations set forth in 11 U.S.C. § 546(a)(1)(A) ended at midnight on July 22, 2005") and *In re Steck*, 298 B.R. 244, 249 (Bankr. D. N.J. 2003) (holding that where the order for relief was entered on October 10, 2000, "the trustee had to commence an avoidance action no later than October 10, 2002"); *see also Mickens v. U.S.*, 148 F.3d 145, (2d Cir. 1998) ("We note that when a statute of limitations is measured in years, the last day for instituting the action is the anniversary date of the start of the limitations period.") (citing Rule 6(a)[6]); *In re Sahuaro Petroleum & Asphalt Co.*, 170 B.R. 689, 692 (C.D. Ca. 1994) (relying upon Ninth Circuit precedent, finding "t]he § 546(a)(1) limitations period commenced on the petition date, March 21, 1991 and expired on the two year anniversary of the petition date, March 21, 1993").

Thus, the portion of the Motion seeking dismissal of the Complaint as being time barred is denied.

### IV.    Sharma was Properly Served with the Complaint

Sharma also moves to dismiss under Rule 12(b)(5), applicable to the Adversary Proceeding pursuant to Bankruptcy Rule 7012, arguing that he was not properly served because he did not receive the Summons and Complaint in his "personal capacity."   However, Sharma was properly served.

Bankruptcy Rule 7004(b)(1) provides for service upon natural persons "by mailing a copy of the summons and complaint to the individual's dwelling house or usual place of abode or to the place where the individual regularly conducts a business or profession."   On March 17, 2020, counsel for Trustee mailed the Summons and Complaint via UPS overnight delivery to Sharma

---

[6] The terms and language of Federal Rule 6(a) for computing and extending time largely mirror Bankruptcy Rule 9006 for computing and extending time.

both at Sharma's home and at SGC's office, where Sharma regularly conducted business. Certificate of Service, Dkt. No. 5.

It is a long-standing policy of courts in this district that "[a] certificate or affidavit of service is evidence that a defendant was properly served." *All. Shippers, Inc. v. Choez (In re Choez)*, 594 B.R. 142, 158 (Bankr. E.D.N.Y. 2018). "A properly filed affidavit of service by a plaintiff is *prima facie* evidence that service was properly effected." *Id.* (citing *Ahluwalia v. St. George's Univ., LLC*, 63 F. Supp. 3d 251, 260 (E.D.N.Y. 2014)). A defendant can then "rebut the presumption of proper service" with a "sworn denial of receipt of service." *In re Choez*, 594 B.R. at 158 (citing *Old Republic Ins. Co. v. Pacifica Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57 (2d Cir. 2002)). In doing so, the defendant must swear to "specific facts to rebut the statements in the process server's affidavits." *Id.* However, here, Sharma has not done so.

The evidence shows that Sharma was served at his home address. Sharma also admits that he received a copy of the Complaint that was served on SGC at their business address. Sharma offers no evidence to dispute the affidavit of service or that the addresses listed on the affidavit are incorrect. Therefore, Sharma's "mere denial of service, unsupported by affidavit or other evidence, falls short of what is required to overcome [Trustee's] prima facie evidence that service of process was accomplished." *Mountain Nat'l Bank v. Brackett (In re Brackett)*, 243 B.R. 910, 914-15 (Bankr. N.D. Ga. 2000) (citing *People v. State of New York v. Operation Rescue Nat'l*, 69 F. Supp. 2d 408, 416 (W.D.N.Y. 1999) and *Nolan v. City of Yonkers*, 168 F.R.D. 140, 144 (S.D.N.Y. 1996)).

Therefore, the portion of the Motion seeking dismissal under Rule 12(b)(5) is denied.

## V.    The Court Can Exercise Personal Jurisdiction Over Sharma

Sharma also claims that the Complaint should be dismissed against him for lack of personal

jurisdiction pursuant to Rule 12(b)(2), applicable to the Adversary Proceeding pursuant to Bankruptcy Rule 7012. To survive a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2), Trustee "must make a prima facie showing that jurisdiction exists." *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 549 B.R. 167, 187 (Bankr. S.D.N.Y. 2018) (citing *SPV Osus Ltd. v. UBS AG*, 882 F.3d 333, 342 (2d Cir. 2018)). Courts have considerable leeway when addressing a motion under Rule 12(b)(2). *Id.*

Bankruptcy Rue 7004(f) allows personal jurisdiction to be exercised "over the person of any defendant with respect to a case under the Code or civil proceeding arising under the Code, or arising in or related to a case under the Code" so long as service of process was made in accordance with Bankruptcy Rule 7004 and the exercise of jurisdiction is consistent with the Constitution and the laws of the United States. FED. R. BANK. P. 7004(f); *see also In re Capmark Fin. Grp. Inc.*, 479 B.R. 330, 338 (Bankr. D. Del. 2012). For the reasons set forth above, Sharma was served in accordance with Bankruptcy Rule 7004, and thus the portion of the Motion seeking dismissal for lack of personal jurisdiction under Rule 12(b)(2) is also denied.

## VI.    Venue of this Court is Proper

Sharma also asserts that the Complaint should be dismissed for improper venue under Rule 12(b)(3), as incorporated by Bankruptcy Rule 7012, arguing that the case should have been brought in New Jersey where Sharma lives.

Bankruptcy courts are empowered to hear adversary proceedings pursuant to 28 U.S.C. § 1334(b), which gives bankruptcy courts "original but not exclusive jurisdiction over civil suits 'arising in or related to' bankruptcy cases." *Boyce v. Citibank, N.A. (In re Boyce)*, 710 Fed. Appx. 44, 46 (2d Cir. 2018). Title 28 of the United States Code provides that "a proceeding arising under Title 11 or arising in or related to a case under title 11 may be commenced in the district court in

which such a case is pending." 28 U.S.C. § 1409(a). Indeed, "the district in which the underlying bankruptcy case is pending is presumed to be the appropriate district for hearing and determination of" an adversary proceeding. *Gulf States Exploration Co. v. Manville Forest Prods. Corp. (In re Manville Forest Prods. Corp.)*, 896 F.2d 1384, 1391 (2d Cir. 1990).

Here, the Adversary Proceeding arises out of a series of chapter 11 cases which are pending before this Court. Thus, venue is proper. As such, the portion of the Motion brought pursuant to Rule 12(b)(3) is also denied.

## VII.    Rule 11 is Not Properly Invoked

Sharma further requests that the Court dismiss the case for having been "brought for an improper purpose" under Rule 11. Rule 11(c)(2) allows a party to move the Court to impose sanctions against an alleged violator of Rule 11. Such a motion "must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." FED. R. CIV. P. 11(c)(2); *Castro v. Mitchell*, 727 F. Supp. 2d 302, 308 (S.D.N.Y. 2010) ("[M]otion for sanctions must be made separately from any other motion, including a motion to dismiss[.]").

Bankruptcy courts are governed by Bankruptcy Rule 9011, which is akin to Rule 11. Under Bankruptcy Rule 9011(b)(1), "[b]y presenting to the court a petition, pleading, written motion, or other paper, an . . . unrepresented party is certifying that to the best of the person's knowledge information, and belief. . . it is not being presented for any improper purpose." FED. R. BANKR. P. 9011(b)(1). The standard applied to Rule 11 sanctions informs the bankruptcy court's application of Bankruptcy Rule 9011. *In re D&G Constr. Dean Gonzalez, LLC*, 635 B.R. 232, 240 (Bankr. E.D.N.Y. 2021); *In re Belmonte*, 524 B.R. 17, 30 n.18 (Bankr. E.D.N.Y. 2015). Like Rule 11, a motion brought under Bankruptcy Rule 9011 must also be made separately than any other motion. FED. R. BANKR. P. 9011(c)(1)(A).

Inherent in Bankruptcy Rule 9011 is a "safe harbor" provision requiring the movant to give 21 days' notice to the party against whom sanctions are sought. *In re Belmonte*, 524 B.R. at 30. Bankruptcy Rule 9011(c)(1)(A) provides that

> The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected, except that this limitation shall not apply if the conduct alleged is the filing of a petition in violation of subdivision (b).

FED. R. BANKR. P. 9011(c)(1)(A).

The safe-harbor provision of Bankruptcy Rule 9011 allows the allegedly offending party an opportunity to withdraw or correct the challenged submission. *In re Belmonte*, 524 B.R. at 30. This service requirement demonstrates "the importance of according fair procedural protections to an attorney or other party facing sanctions." *Id.* (*citing Klein v. Wilson, Elser, Moskowitz, Edelman & Dicker (In re Highgate Equities, Ltd.)*, 279 F.3d 148, 152 (2d Cir. 2002)). "The safe-harbor provision is a strict procedural requirement." *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175 (2d Cir. 2012).

Here Sharma did not comply with Bankruptcy Rule 9011. Sharma has requested sanctions as part of this Motion (which seeks to dismiss the Adversary Proceeding), rather than filing a separate motion. This is in direct violation of Bankruptcy Rule 9011. Moreover, as the Court has determined that the Complaint adequately and in great detail alleges multiple causes of action against Sharma, sanctions at this juncture are substantively improper. Therefore, the portion of the Motion seeking sanctions pursuant to Rule 11 is denied

## **CONCLUSION**

Upon the Court's consideration of the Motion, the pleadings and the record of the Adversary Proceeding as a whole, Sharma has failed to establish a basis for granting any of the relief sought in the Motion.  Therefore, it is hereby

**ORDERED**, that all relief sought in the Motion is denied; and it is further

**ORDERED**, that Sharma shall file an answer to the Complaint within twenty-one (21) days following entry of this Order.

Dated: May 13, 2024
            Central Islip, New York



_____
Alan S. Trust
Chief United States Bankruptcy Judge